## COMMONWEALTH vs. CATHERINE LAWLER.

If a witness who is called to impeach another witness testifies, in reply to a question as to the general reputation of the latter for truth and veracity, that "he has not heard it talked of a great deal," it is no ~ror to refuse to allow the following additional questions to be put: "Have you heard his ʰaracter for truth and veracity called in question?" "If you have heard his character for truth and veracity called in question, state what the common speech of people is as to his character for truth and veracity." "What is his general reputation for truth and veracity among those who speak of it at all?"

INDICTMENT for being a common seller, and for single sales, of intoxicating liquor.

At the trial in the superior court, before *Morton*, J., the Commonwealth relied on the testimony of Patrick Connell. In order to impeach him, the defendant called a witness, and asked him, " What is the general reputation of Connell for truth and veracity?" The witness replied, " I have not heard it talked of a great deal." The defendant then a, ked the several questions following; but all were excluded by the judge. " Have you heard his character for truth and veracity called in question? If you have heard his character for truth and veracity called in question, state what the common speech of people is as to his character for truth and veracity. What is the general reputation of Connell for truth and veracity, among those who speak of it at all?" The judge ruled that the defendant might ask the witness what was the common speech of people as to Connell's character for truth and veracity, but that the questions in the form put by the defendant were inadmissible.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. M. Stearns,* for the defendant, cited *Rundell* v. *La Fleur* 6 Allen, 480; *Bates* v. *Barber,* 4 Cush. 108.

*Reed,* A. G., for the Commonwealth.

BIGELOW, C. J.   The defendant has no valid ground of excep= tion to the ruling of the court.   He was permitted to put to the witness the proper inquiry as to the general reputation for truth of the person whose character for veracity he sought to impeach. The questions which were ruled out were calculated to elicit testimony to the prejudice of the witness offered by the govern- ment, from a person who had no actual knowledge of his gen- eral reputation for truth.   If answered, they might have led to the introduction of evidence of particular instances of prevarica- tion by the government witness, or of doubt as to his truthful- ness on some special occasion, without touching his general character for veracity.   The rule is perfectly well settled that the evidence must be confined to the general reputation of the witness, and the court did nothing more than hold the party to a strict observance of it, by requiring his questions to be re- stricted to that form of inquiry solely.

*Exceptions overruled.*